IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNIÓN DE PERIODISTAS, ARTES GRÁFICAS Y RAMAS ANEXAS,<br><br>    Plaintiff<br><br>        v.<br><br>THE SAN JUAN STAR COMPANY,<br><br>    Defendant | CIVIL NO. 09-1950 (JP) |

**DEFAULT JUDGMENT**

Before the Court is Plaintiff Unión de Periodistas, Artes Gráficas y Ramas Anexas' ("UPAGRA") motion for default judgment **(No. 26).** For the reasons stated herein, Plaintiff's motion for default judgment is hereby **GRANTED.**

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

By way of background, on September 18, 2009, Plaintiff UPAGRA brought the instant action against The San Juan Star Company ("SJS") pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. The complaint sought the enforcement of an arbitration award in Case No. A-08-1578 issued on June 16, 2009 by the Honorable Maité Alcántara-Manana ("Alcántara") of the Conciliation and Arbitration Bureau of the Puerto Rico Department of Labor against the employer, Defendant SJS (No. 2).

UPAGRA is a labor organization representing employees within the meaning of the LMRA, and the exclusive bargaining representative for

CIVIL NO. 09-1950 (JP)         -2-

employees of SJS, including Nydia Rosario-Jiménez ("Rosario"), for purposes of collective bargaining with regard to wages, hours, and other terms and conditions of employment.

On December 28, 2007, SJS laid off Rosario due to alleged economic reasons. However, other employees with less seniority than Rosario were not laid off by SJS. Article VII of the Collective Bargaining Agreement ("CBA"), entered between UPAGRA and SJS, established a grievance procedure that provided for final and binding arbitration to resolve disputes and claims between UPAGRA and SJS. Pursuant to said procedure, UPAGRA filed a petition for arbitration before the Conciliation and Arbitration Bureau of the Puerto Rico Department of Labor on Rosario's behalf. However, on August 29, 2008, SJS ceased its operations.

On June 16, 2009, Arbitrator Alcántara issued an arbitration award in Case No. A-08-1578 and notified the parties on that same date. The arbitration award states, *inter alia,* that SJS' decision to dismiss Rosario was in violation of Rosario's seniority rights pursuant to Article X of the CBA (No. 2-2). Accordingly, Arbitrator Alcántara concluded that Rosario's dismissal was unjustified and that Rosario was entitled to receive from SJS payment of wages from the date of her dismissal until the date SJS ceased its operations on August 29, 2008. (No. 2-2).

SJS had thirty days to request a court to vacate the arbitration award but did not do so. Under the CBA, the arbitration award

CIVIL NO. 09-1950 (JP)          -3-

ordering SJS to comply with the back pay payment is final and binding. SJS failed to comply with the required arbitration award. Plaintiff alleges that under Puerto Rico Law No. 180, P.R. Laws Ann. tit. 29, § 250i, Rosario is entitled to an additional amount equal to the amount of her back pay payment.

UPAGRA filed the instant action seeking to enforce an arbitration award issued pursuant to the terms and conditions of the CBA (No. 2). After the summons was issued (No. 6), Plaintiff, on February 9, 2010, filed a motion to serve summons on SJS by publication (No. 7). The Court granted Plaintiff's motion to serve the summons by publication (No. 10). On March 30, 2010, Plaintiff submitted the sworn statement of Jorge L. González, the Supervisor of the Legal Notice Department, informing the Court that the summons was published on March 12, 2010 in Primera Hora, a newspaper of general circulation in Puerto Rico (No. 24-1). Plaintiff also informed the Court that it could not comply with the notification by certified mail requirement because a last known address for SJS could not be found, that the postal box used by SJS had been closed, and that the United States Postal Service was returning all correspondence delivered to that address (No. 24).

The published summons indicated that SJS was given notice to appear and to answer the complaint within thirty (30) days after publication of the summons, and that, if Defendant failed to do so, judgment by default would be entered for the relief demanded in the

CIVIL NO. 09-1950 (JP)           -4-

complaint.  Nevertheless, SJS failed to appear to answer the complaint.  On July 14, 2010, Plaintiff filed a motion for entry of default (No. 24), and the Clerk of Court entered default on July 21, 2010 (No. 25).

## II. **ANALYSIS**

Plaintiff brought the instant action to enforce an arbitration award issued in Case No. A-08-1578 by Arbitrator Alcántara.  The arbitration award was issued under the grievance procedure established by the CBA, which provides that the arbitration award shall be final and binding between the UPAGRA and SJS.  UPAGRA argues that because SJS has failed to pay Rosario her back pay compensation, SJS has failed to comply with the arbitration award, and thus, it has failed to comply with the terms of the CBA.

Federal courts have jurisdiction over suits for violation of contracts between employers and labor organizations, and have the power to enforce arbitration awards against employers under Section 301 of the LMRA.  <u>United Steelworkers of America v. Enter. Wheel & Car Corp.</u>, 363 U.S. 593, 598-99 (1960); <u>Unión de Periodistas v. San Juan Star Co.</u>, 2010 WL 3282645, at *3 (D.P.R. Aug. 17, 2010) (citing <u>Williams v. U.S. Steel</u>, 877 F. Supp. 1240 (N.D. Ind. 1995)). Specifically, Section 301 of the LMRA provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of

CIVIL NO. 09-1950 (JP) -5-

> the parties, without respect to the amount in controversy or without regard the citizenship of the parties.

29 U.S.C. § 185(a).

An arbitration award must be sufficiently precise in that an arbitrator has identified a specific breach and fashioned a remedy in order to be enforceable in the district court. Unión de Periodistas, 2010 WL 3282645, at *3 (citing Armco Employees Indep. Fed'n, Inc. v. Armco Steel Co., 65 F.3d 492, 498 (6th Cir. 1995)). The arbitration award issued against SJS explained that, while Rosario was allegedly dismissed for economic reasons, other employees with less seniority than Rosario were not dismissed. Arbitrator Alcántara determined that this violated Rosario's seniority rights as provided by Article X of the CBA. The arbitration award provided that Rosario was entitled to all wages not received from the point of her dismissal up to the date SJS closed its operations (No. 2-2).

In the instant case, the arbitration award issued by Arbitrator Alcántara is sufficiently precise to be enforceable because it identified the specific breach that Defendant's decision to dismiss Rosario was in violation of Rosario's seniority rights and provided a specific remedy of back wages from the date of her dismissal to the date SJS ceased its operations. This arbitration award is final and binding under the CBA, which was entered into by both UPAGRA and SJS.

Because Defendant neither appeared in this case nor submitted an answer to Plaintiff's complaint, default was entered against

CIVIL NO. 09-1950 (JP)          -6-

Defendant pursuant to Federal Rule of Civil Procedure 55(a). Defendant's default "constitutes an admission of all facts well-pleaded in the complaint." Metropolitan Life Ins. Co. v. Colón Rivera, 204 F. Supp. 2d 273, 274-75 (D.P.R. 2002); see also, Banco Bilbao Vizcaya Argentaria v. Family Restaurants, Inc., 285 F.3d 111, 114 (1st Cir. 2002); Franco v. Selective Ins. Co., 184 F.3d 4, 9 n.3 (1st Cir. 1999). Thus, Defendant SJS has admitted to all the well-pleaded facts in UPAGRA's complaint.

Furthermore, in accordance with Section 11 of Puerto Rico Law No. 180, of July 27, 1998, because the compensatory award being sought in this case by UPAGRA on behalf of Rosario was granted by an arbitrator pursuant to the CBA, Rosario is entitled to an additional amount equal to her back payment. Section 11 of Puerto Rico Law No. 180 states:

> Any employee or worker who receives compensation for his/her work which is less than that prescribed by this chapter or a collective bargaining agreement or an individual work contract, shall be entitled to collect through a civil suit, the difference owed up to the total amount of the corresponding compensation for wages, vacations and sick leave, or any other benefit, plus an amount equal to that which has not been paid to him/her as additional compensation, plus costs, interest, expenses and fees of the lawyers in the case, notwithstanding any other agreement to the contrary.

P.R. Laws Ann. tit. 29, § 250i(a). Accordingly, Rosario is entitled to all unearned wages from the date of her dismissal on December 28, 2007 until August 29, 2008, when CJS ceased its operations. In addition, because the arbitrator's award granted pursuant to the CBA

CIVIL NO. 09-1950 (JP)            -7-

will be collected through this civil suit, Rosario is entitled to an additional amount equal to that which has not been paid to Rosario for the aforementioned period of time, plus costs, interest, expenses and attorney's fees.

### III.  CONCLUSION

In conclusion, the Court **GRANTS** Plaintiff's motion for default judgment and to enforce the arbitration award in Case No. A-08-1578. The Court hereby **ORDERS** Defendant SJS to pay Nydia Rosario-Jiménez all unearned wages from December 28, 2007 until August 29, 2008 and an additional amount equal to the unearned wages, plus costs, interest, expenses and attorney's fees.  The arbitration award in Case No. A-08-1578 is hereby enforced.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of January, 2011.

                                s/José Antonio Fusté
                                 JOSÉ ANTONIO FUSTÉ
                              CHIEF U.S. DISTRICT JUDGE